| | |
|---|---|
| CYNTHIA BELL, LAVELL ALEXANDER, CLARISE ALEXANDER, and EBONY LUV ALEXANDER, a minor, by her Guardian ad Litem ROBERT J. LERNER,<br><br>　　　　　　　　Plaintiffs,<br>v.<br><br>JEFFREY J. WAMBOLDT, DAVID L. GAEDE, JOSEPH RIESSELMANN, JR., GERALD J. WITT, JR.,<br>　　　　　　　　Defendants,<br><br>and the CITY OF KENOSHA,<br><br>　　　　　　　　a Municipal Corporation. | '04 JAN 20 P12:58<br><br>04-C-0061<br>Case No. 04-_____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that the defendants, Jeffrey J. Wamboldt, David L. Gaede, Joseph Riesselmann, Jr., Gerald J. Witt, Jr. and the City of Kenosha, by their attorneys, Gunta & Reak, S.C., hereby removes Kenosha County Circuit Court Case No. 03-CV-001689, captioned <u>Cynthia Bell, Lavell Alexander, Clarise Alexander and Ebony Luv Alexander, a minor, by her Guardian ad Litem Robert J. Lerner v. Jeffrey J. Wamboldt, David L. Gaede, Joseph Riesselmann, Jr., Gerald J. Witt, Jr. and the City of Kenosha,</u> from the Kenosha County Circuit Court to the United States District Court for the Eastern District of Wisconsin. The grounds for removal are:

1. This action was commenced on December 26, 2003. On that date, plaintiffs filed a Complaint which asserted federal claims against the defendants, Jeffrey J. Wamboldt, David L. Gaede, Joseph Riesselmann, Jr., Gerald J. Witt, Jr. and the City of Kenosha, under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their persons in violation of 42 U.S.C. § 1983. Plaintiffs further allege jurisdiction is conferred by 28 U.S.C. § 1331 and 1343(a)(3) and (4). The Complaint was served on the defendant, City of Kenosha on January 7, 2004. A copy of the Complaint is attached to this notice.

2. The defendant seeks removal pursuant to 28 U.S.C. §§ 1441 on the grounds that this Court has original jurisdiction over Plaintiffs' federal claims and supplemental jurisdiction over Plaintiffs' other claims.

Dated at Milwaukee, Wisconsin, this 20th day of January, 2004.

Gregg J. Gunta Bar Number: 1004322
Attorney for Defendants
GUNTA & REAK, S.C.
219 North Milwaukee Street
Fifth Floor
Milwaukee, Wisconsin 53202
Telephone: (414) 291-7979
Fax: (414) 291-7960
E-mail: gjg@gunta-reak.com

STATE OF WISCONSIN    :    CIRCUIT COURT    :    KENOSHA COUNTY

CYNTHIA BELL, LAVELL ALEXANDER,
CLARISE ALEXANDER and EBONY LUV
ALEXANDER, a minor, by her Guardian ad
Litem ROBERT J. LERNER,

    Plaintiffs,

**FILED** Case No. **03 CV** 001689

DEC 26 2003

v.

GAIL GENTZ
CLERK OF CIRCUIT COURT Case Code 30301

JEFFREY J. WAMBOLDT, DAVID L.
GAEDE, JOSEPH RIESSELMANN, JR., and
GERALD J. WITT, JR.,

WILBUR W. WARREN III
Circuit Judge Branch 5

    Defendants,

and the CITY OF KENOSHA,

a Municipal Corporation.

---

## COMPLAINT

### I. INTRODUCTION

1. This is a civil rights action for damages brought against four City of Kenosha, Wisconsin police officers who individually and in concert broke into the apartment of the plaintiffs without a search warrant, an arrest warrant or the consent of the plaintiffs and in addition, physically assaulted the plaintiff, Lavell Alexander.

### II. JURISDICTION

2. This action arises under 42 U.S.C. Sec. 1983. Jurisdiction is conferred by 28 U.S.C. 1331 and 1343(a)(3) and (4).

## III. PARTIES

3.  Cynthia Bell is an adult resident of Kenosha, Wisconsin and is the mother of Lavell Alexander and Clarise Alexander and the grandmother of Ebony Luv Alexander.

4.  Lavell Alexander is an adult resident of Kenosha, Wisconsin and resides with his mother, Cynthia Bell.

5.  Clarise Alexander is an adult resident of Kenosha, Wisconsin and at all times pertinent to this matter resided with her mother, Cynthia Bell.

6.  Ebony Luv Alexander is a minor with a date of birth of December 10, 1998 who at all times pertinent to this case resided with her father, Lavell Alexander, and with her grandmother, Cynthia Bell.

7.  The defendants, Jeffrey J. Wamboldt, David L. Gaede, Joseph Riesselmann, Jr. and Gerald G. Witt, Jr. are City of Kenosha police officers who acted under color of law at all times relevant to this matter. They are sued in their individual and official capacities.

8.  The City of Kenosha is body corporate. The City of Kenosha is liable for the acts of its officials, employees, agents and subdivisions. It is required by law pursuant to Sec. 895.46(1) of the Wisconsin Statutes to pay and indemnify all judgments whether for compensatory damages, punitive damages, attorneys fees or other relief that may be awarded against its individually named employees who acted under color of law and within the scope of their respective employment at the time of the incident complained of herein. Indemnification is required regardless of whether the City of Kenosha remains in this case as a party defendant.

2

## IV. FACTUAL ALLEGATIONS

9. On July 14, 2002, between 11:00 p.m. and 12:00 p.m., a number of City of Kenosha police department officers including the four defendants arrived at the residence of Cynthia Bell and the other plaintiffs at 5414 58th Avenue, Apartment 7, in the City of Kenosha. In response to an alleged "911" anonymous call claiming that a person other than any of the plaintiffs who had an outstanding arrest warrant for himself was supposedly present in Apartment 7 at 5414 58th Avenue. At that time, the police officers including the defendants did not have a warrant to search Apartment 7.

10. The defendant Jeffrey Wamboldt knocked on the door to Apartment 7. The plaintiff Lavell Alexander asked who was there. Officer Wamboldt replied that it was the police and that they had received a 911 call from the apartment and needed to come in to make sure everyone was alright. Lavell Alexander responded that no one had called 911 and that everything was fine and that the police should get away from his door.

11. Shortly thereafter, Officer Wamboldt again knocked on the door to Apartment 7 and ultimately Lavell Alexander opened the door slightly. The four defendants then rushed into the apartment with their pistols drawn. Lavell Alexander was pushed into a book cabinet and two of the officers took Lavell Alexander to the floor causing an injury to his right hand.

12. The four defendants then proceeded to go through all of the rooms of Apartment 7 with their guns drawn and with their flashlights on.

13. At the time the police officers had first come to the door, all of the defendants had been in bed and were terrified by the actions of the police in entering into the apartment without any consent.

3

14. After going through the apartment and finding no evidence of any person being there who was wanted for arrest, the police then tell Cynthia Bell that they had received an anonymous call that a Terrell Morrison who was wanted for an armed robbery was in the apartment. The police had no information as the veracity of the person who made the alleged anonymous call nor of how that person had the information that was given to the police.

15. Subsequent to the incident of July 14, 2002 at their apartment, the various plaintiffs have suffered nightmares and fear from the actions taken by the defendants on the evening of July 14, 2002 as described herein and have sought treatment for the affects of the actions of the defendants in unlawfully entering into the apartment. In addition, Lavell Alexander's right hand required surgery and further care.

16. The defendant police officers had no probable cause for the search without consent of Apartment 7 and no legal cause of excuse to seize each of the plaintiffs including Lavell Alexander.

17. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

18. As a direct and proximate result of the said acts of the defendant officers, the plaintiffs suffered the following injuries and damages:

    (a) violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their persons;

4

    (b)    loss of their physical liberties;

    (c)    physical pain and suffering and emotional trauma and suffering requiring the expenditure of money for treatment.

19. The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of the plaintiffs:

    (a)    freedom from unreasonable seizure of their persons;

    (b)    freedom from the use of excessive, unreasonable and unjustified force against their persons.

## V. STATEMENT OF CLAIM

20. Paragraphs 1 through 19 are incorporated herein by reference as though fully set forth.

21. Each of the plaintiffs claims damages for the injuries set forth above under 42 U.S.C. §1983 against all of the individual defendant officers for violation of their constitutional rights under color of state law.

Count 2: Assault and battery against individual defendants.

22. Paragraphs 1 through 23 are incorporated herein by reference as though fully set forth.

23. All of the defendant officers assaulted and battered the plaintiff Lavell Alexander.

24. As a result of this assault and battery, the plaintiff Lavell Alexander suffered damages as aforesaid.

WHEREFORE, the plaintiffs demand a jury trial and pray that this court:

5

1.    enter judgment for the plaintiffs and against each defendant jointly and severally, awarding compensatory and punitive damages against each individually named defendant;

2.    award pre-judgment and post-judgment interest together with costs, disbursements and reasonable attorneys' fees pursuant to 42 U.S.C. Sec. 1988;

3.    award such other relief as may be just and equitable.

Dated at Milwaukee, Wisconsin, this 23rd day of December, 2003.

                              PERRY, SHAPIRO, QUINDEL
                              SAKS, CHARLTON, SUMARA
                              & LERNER, S.C.
                              Attorneys for Plaintiffs

By: _____
     Robert J. Lerner
     State Bar No. 1010469

*Address:*
823 North Cass Street
P. O. Box 514005
Milwaukee, WI 53203-3405
Telephone: (414) 272-7400
Facsimile: (414) 272-7450

6